<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| D.G., | : | Civil Action No. 20-2774 (SRC) |
| Plaintiff, | : | |
| v. | : | OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff D.G. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning October 27, 2017. A hearing was held before ALJ George C. Yatron (the "ALJ") on November 21, 2019, and the ALJ issued a partially favorable decision on December 5, 2019. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of December 5, 2019, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain nonexertional limitations. At step four, the ALJ also found that Plaintiff is not able to perform his past relevant work. Because, on November 23, 2019, Plaintiff's age increased and qualified as an advanced age, as of that date, the ALJ found that the Medical-Vocational Rules directed a determination that Plaintiff was disabled. As to the period prior to November 23, 2019, however, the analysis proceeded to step five. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant could perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity, as they were prior to November 23, 2019. The ALJ concluded that Plaintiff was disabled as of November 23, 2019, but had not been disabled within the meaning of the Act prior to that date.

On appeal, Plaintiff challenges the determination that he was not disabled prior to November 23, 2019. Plaintiff argues that the Commissioner's decision should be reversed and the case remanded with a series of arguments which, in summary, challenge the ALJ's determinations at steps two, four, and five.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S.

137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

Plaintiff's appeal rests on a series of arguments which contend, generally, that the ALJ failed to do something that the law requires. The problem for Plaintiff, however, in one word, is: Shinseki. It is not enough to show the presence of an error. Pursuant to Shinseki, Plaintiff bears the burden of proving that he was harmed by this error. Plaintiff's brief, however, fails to recognize this. Instead of demonstrating that any alleged error was material and prejudicial, Plaintiff argues only that the ALJ erred. At steps two and four, Plaintiff bears the burden of proof of disability; on appeal, Shinseki requires, additionally, that Plaintiff show that an error was harmful. None of Plaintiff's arguments are even directed to satisfying the requirements of Shinseki. Since Plaintiff, on appeal, must demonstrate that an error was harmful, but has failed to do so, the Court concludes that Plaintiff has not satisfied the requirements of Shinseki.

Plaintiff first argues that the ALJ erred in failing to find that Plaintiff's migraine

headaches were a severe impairment at step two. The ALJ did not mention the headaches at step two, but described Plaintiff's subjective reports about them and the objective medical evidence for the headaches at step four. (Tr. 22-24.)

The Third Circuit has interpreted the relevant Rulings and Regulations to hold that "[t]he step-two inquiry is a *de minimis* screening device to dispose of groundless claims." Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003). The Newell Court further emphasized:

> An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have "no more than a minimal effect on an individual's ability to work." SSR 85-28, 1985 SSR LEXIS 19 at *6-8. Only those claimants with slight abnormalities that do not significantly limit any "basic work activity" can be denied benefits at step two. *See Bowen*, 482 U.S. at 158 (O'Connor, J., concurring). If the evidence presented by the claimant presents more than a "slight abnormality," the step-two requirement of "severe" is met, and the sequential evaluation process should continue. *See Smolen v. Chater*, 80 F.3d at 1290. Reasonable doubts on severity are to be resolved in favor of the claimant.

Newell, 347 F.3d at 546; accord McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004) ("The burden placed on an applicant at step two is not an exacting one. . . . Any doubt as to whether this showing has been made is to be resolved in favor of the applicant.") In McCrea, the Third Circuit reaffirmed the severity standard announced in Newell and added that, in light of the low threshold for severity, findings that an impairment is not severe "should be reviewed with close scrutiny" and are "certain to raise a judicial eyebrow." McCrea, 370 F.3d at 357.

This Court finds that the ALJ erred at step two in not finding that Plaintiff's headaches qualified as a severe impairment. Because any doubt must be resolved in favor of the applicant, and because the ALJ acknowledged the subjective and objective evidence of the headaches at step four, the ALJ's step two decision is in error. Nonetheless, Plaintiff has failed to

4

demonstrate that he was prejudiced by this error, as required by Shinseki. At step two, the ALJ found four other severe impairments. Had the total count been five, instead of four, it would not have made any difference to the outcome. This Court finds no prejudice to Plaintiff in the error at step two. Plaintiff has failed to persuade this Court that the error at step two harmed him.

Federal Rule of Civil Procedure 61 states: "At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." This Court finds that the ALJ's error at step two did not affect Plaintiff's substantial rights under the Social Security Act. It can only be harmless error.

Plaintiff next challenges the residual functional capacity determination at step four with a number of arguments. Plaintiff contends: 1) the ALJ ignored the frequency and severity of PTSD symptoms, as well as the frequency of incapacitating headaches, hand neuropathy, and use of a cane to ambulate; and 2) the ALJ did not mention Plaintiff's lengthy inpatient psychiatric hospitalization in 2018. As the Commissioner argues, in opposition, these arguments largely lack a factual basis and overlook what the ALJ wrote. As to the PTSD symptoms, at step four, the ALJ reviewed Plaintiff's subjective reports (Tr. 22) as well as the evidence from the inpatient psychiatric hospitalization (Tr. 24-25.) The ALJ stated that the medical records show that, at the conclusion of the hospitalization, Plaintiff manifested an array of improvements in his symptoms, and the ALJ characterized Plaintiff's PTSD condition as "stable." (Tr. 25.) This Court thus finds no support, as a factual matter, for Plaintiff's argument that the ALJ failed to consider Plaintiff's PTSD or psychiatric hospitalization. Furthermore, as Plaintiff's brief overlooked the ALJ's discussions on these matters, Plaintiff neither raised any substantial challenge to the ALJ's conclusion that the PTSD had no disabling impact, nor cited any contrary

5

evidence of record.

As to Plaintiff's contention that the ALJ ignored the evidence of hand neuropathy, in support, Plaintiff offers only a broad citation of roughly 120 pages of various VA medical records.  (Pl.'s Br. 17, citing Tr. 959-1082.)   Plaintiff thus asks this Court to scour these records, locate the evidence of hand neuropathy, and frame an argument that passes muster under Shinseki.   As the Third Circuit has stated:

> It has been oft-noted that "Judges are not like pigs, hunting for truffles buried in the record."  And this Court has frequently instructed parties that they bear the responsibility to comb the record and point the Court to the facts that support their arguments.

United States v. Claxton, 766 F.3d 280, 307, 61 V.I. 715 (3d Cir. 2014) (citations omitted). Plaintiff has failed to follow the Third Circuit's clear instructions.

As to the evidence of heachaches, as already stated, the ALJ discussed the headache evidence at step four.   (Tr. 22-24.)   Plaintiff's brief points to no evidence that the ALJ overlooked.

As to the evidence regarding use of a cane, Plaintiff's argument is not supported by the text of the decision: the ALJ expressly described Plaintiff's use of a cane.   (Tr. 22.)   Moreover, the decision discusses the evidence regarding Plaintiff's ability to ambulate with or without assistance.   (Tr. 23, 24.)   Plaintiff's brief points to no evidence that the ALJ overlooked.

Plaintiff next argues that the ALJ improperly rejected Plaintiff's subjective reports of pain.   Plaintiff argues that, at step four, the ALJ failed to properly consider Plaintiff's subjective complaints.   The ALJ considered Plaintiff's statements about his symptoms and concluded that the statements about the intensity, persistence, and limiting effects were inconsistent with the medical evidence of record.   The Third Circuit has established the following four-part test to

determine the credibility of a social security claimant's subjective complaints. That test requires:

> (1) that subjective complaints of pain be seriously considered, even where not fully confirmed by objective medical evidence; (2) that subjective pain may support a claim for disability benefits and may be disabling; (3) that when such complaints are supported by medical evidence, they should be given great weight; and finally (4) that where a claimant's testimony as to pain is reasonably supported by medical evidence, the ALJ may not discount claimant's pain without contrary medical evidence.

Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985) (citations and quotations omitted). Although the ALJ is required to consider the claimant's subjective complaints, the ALJ may reject these complaints when they are inconsistent with the objective medical evidence, claimant's own testimony, or other evidence in the record. Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999).

The ALJ determined that Plaintiff's subjective complaints were not consistent with the objective medical evidence. Again, the problem here for Plaintiff is Shinseki. Plaintiff has not mustered the evidence to make a demonstration that Plaintiff's testimony made a case for symptoms of disabling intensity. Plaintiff's brief does not assemble the evidence to mount a substantive challenge to the ALJ's factual determination of inconsistency with the objective evidence, nor present an alternative analysis. Plaintiff has given this Court no basis to find that the ALJ's determination that Plaintiff's statements about the disabling effects of his symptoms are not consistent with the evidence of record is not supported by substantial evidence. While Plaintiff cites the Third Circuit's decision in Schaudek, Plaintiff has failed to persuade this Court that the ALJ erred under the law stated in that case. Schaudeck v. Comm'r of SSA, 181 F.3d 429, 433 (3d Cir. 1999) ("An ALJ must give great weight to a claimant's subjective testimony of the inability to perform even light or sedentary work when this testimony is supported by

7

competent medical evidence.)

Plaintiff next argues that the ALJ erred by failing to take into consideration the disability determination made by the Veteran's Administration. In response, the Commissioner cites the applicable Regulation:

> (c) Evidence that is inherently neither valuable nor persuasive. Paragraphs (c)(1) through (c)(3) apply in claims filed (see § 404.614) on or after March 27, 2017. Because the evidence listed in paragraphs (c)(1) through (c)(3) of this section is inherently neither valuable nor persuasive to the issue of whether you are disabled or blind under the Act, we will not provide any analysis about how we considered such evidence in our determination or decision, even under § 404.1520c:
>
> (1) Decisions by other governmental agencies and nongovernmental entities. See § 404.1504.

20 C.F.R. § 404.1520b. The ALJ's decision complied with this Regulation.

Next, Plaintiff argues that the hypothetical presented to the vocational expert at step five was inadequate. Plaintiff supports this by pointing to a set of alternative hypotheticals that Plaintiff's counsel presented to the vocational expert at the hearing, arguing, in effect, that these were reasonable hypotheticals, and the expert testified that there would be no jobs for such hypothetical individuals. Plaintiff cites no law in support of this argument, and this Court sees no legal basis to reverse the ALJ's decision on the ground of Plaintiff's alternative hypotheticals. Plaintiff has made no valid case that the ALJ's hypothetical was legally insufficient.

Last, Plaintiff argues that the ALJ erred at step four by failing to consider the third-party report submitted by Plaintiff's spouse. Plaintiff cites no authority for the proposition that an ALJ must consider the reports of a Plaintiff's spouse. Instead, Plaintiff and the Commissioner agree that the relevant authority makes consideration of such evidence a matter entrusted to the ALJ's discretion. The Court finds no error in this regard.

8

Plaintiff has failed to persuade this Court that the ALJ erred in his decision, or that Plaintiff was harmed by any errors.   This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                                           s/ Stanley R. Chesler
                                                             STANLEY R. CHESLER, U.S.D.J.

Dated: July 20, 2021